IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CATRINA KOLSHORN, INDIVIDUALLY,
and JOHANNES KOLSHORN and CATRINA
KOLSHORN, as NATURAL PARENTS AND
NEXT FRIENDS OF ARIN KOLSHORN,
A MINOR,

        Plaintiffs,

v.                                       No. 1:13-CV-00884-KG-RHS

LIBERTY MUTUAL INSURANCE,

        Defendant.

## JOINT ORDER APPOINTING *GUARDIAN AD LITEM*

THIS MATTER having come before the Court upon the stipulation of the parties for Plaintiffs and Defendant for the appointment of a *Guardian Ad Litem* to assist the Court in evaluating a proposed settlement of this pending litigation, for purposes of the Fairness Hearing, on the settlement of this claim for the minor child's damages as a result of the as a result of collision on October 2, 2013, the Court having hereby Finds:

    1.    A *Guardian Ad Litem* should be appointed by this Court in connection with the Court's approval of a settlement involving Arin Kolshorn, a minor.

    2.    The *Guardian Ad Litem* should be appointed to investigate on behalf of the Court into the fairness and reasonableness of the settlement and its effect on the minor.

    3.    The *Guardian Ad Litem's* appointment does not contemplate representation of the minor as an advocate, but only as a functionary of the Court.

- 2 -

4. It is within the discretion of the District Court to appoint an experienced *Guardian Ad Litem* for a minor child.

5. There are strong public policy reasons to grant immunity to the *Guardian Ad Litem* in this case, who is acting as an "Arm of the Court" and is performing an essential role in this Court's Administration of Justice as the Judge's assistant.

6. All immunities and privileges available to the *Guardian Ad Litem*, as articulated by the New Mexico Supreme Court in *Collins v. Tabet*, 111 N.M. 391, 806 P.2d 40 (1991) should be extended to the *Guardian Ad Litem* in this matter.

7. Gabrielle M. Valdez, Esquire is qualified and has agreed to perform as a *Guardian Ad Litem* in this matter.

8. The fees for the *Guardian Ad Litem* shall be paid by the Defendant in this matter.

9. The *Guardian Ad Litem* shall be discharged from her duties as *Guardian Ad Litem* upon settlement and conclusion of any litigation herein.

10. All parties consent to the appointment of a *Guardian Ad Litem* for the minor child Arin Kolshorn.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Gabrielle M. Valdez, Esquire shall be appointed *Guardian Ad Litem* as an "Arm of the Court" in connection with this Court's consideration of a settlement involving a minor child. Gabrielle M. Valdez shall be absolutely immune from any liability for her actions taken pursuant to this appointment, in so far as her conduct in the case is as a result of an investigation on behalf of this Court into the fairness and reasonableness of the settlement in its effect on the minor child. The *Guardian Ad Litem's* duties and obligations in this Court are owed to the Court and not to the minor child.

This appointment of Gabrielle M. Valdez, Esquire as *Guardian Ad Litem* is intended to convey upon her in all of the immunities and protections allowed or provided under *Collins v. Tabet*, 111 N.M. 391, 806 P.2d 40 (1991).

_____
UNITED STATES DISTRICT JUDGE

APPROVED:

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By   */s/ Cristina A. Adams*
 Cristina A. Adams
 *Attorney for Defendant*

ZANGARA LAW

By   *Approved Via E-Mail on 5/28/14*
 Kevin Zangara
 *Attorney for Plaintiffs*

YOUTZ & VALDEZ, P.C.

By   *Approved Via E-Mail on 5/28/14*
 Gabrielle M. Valdez
 *Guardian Ad Litem*