IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CATRINA KOLSHORN, INDIVIDUALLY,
and JOHANNES KOLSHORN and CATRINA
KOLSHORN, as NATURAL PARENTS AND
NEXT FRIENDS OF ARIN KOLSHORN, A MINOR,

    Plaintiffs,

v.                        Cause No. 1:13-CV-00884-KG/RHS

LIBERTY MUTUAL INSURANCE,

    Defendant.

**ORDER APPROVING MINOR SETTLEMENT
AND ORDER OF DISMISSAL WITH PREJUDICE**

THIS MATTER having come before the Court upon the Fairness Hearing on Friday, June 27, 2014, at 9:00 a.m., involving Arin Kolshorn, a minor, and the Court, having reviewed the pleadings, presentation of counsel, testimony of Johannes Kolshorn and Catrina Kolshorn, Arin Kolshorn' parents and Guardians, and having determined that Plaintiffs, Johannes Kolshorn and Catrina Kolshorn as parents and Guardians of the minor, Arin Kolshorn, fully understand the terms of the settlement and proposed distribution of funds, and the Court having been sufficiently advised in the premises, FINDS:

1. The Court has jurisdiction over the parties and subject matter herein.

2. The settlement as described in the *Guardian Ad Litem* Report is fair, reasonable, and in the best interests of the minor, Arin Kolshorn, and approval of the settlement on behalf of Arin Kolshorn shall therefore be granted.

3. Johannes Kolshorn and Catrina Kolshorn are the parents and natural guardians of Arin Kolshorn, and are authorized and the appropriate persons to enter into a compromise of Arin Kolshorn's cause of action against the Defendant.

4. Johannes Kolshorn and Catrina Kolshorn have been apprised of their rights and are aware that neither they, nor Arin Kolshorn, nor their heirs and assigns will be able to seek additional amounts from the Defendant in the future regarding this claim and that this settlement constitutes a full and complete settlement of any and all claims that Johannes Kolshorn and Catrina Kolshorn, individually, and as parents and Guardians of Arin Kolshorn may have against Defendant as a result of the incident as outlined in the *Guardian Ad Litem* Report and as more fully set forth in the Settlement Agreement and Release.

5. When reviewing such a proposed settlement, the Court inquires into the following four areas: (1) whether the terms of the settlement were fairly and honestly negotiated; (2) whether serious questions of law or disputes of fact exist, placing the ultimate outcome of litigation in doubt; (3) whether the value of an immediate and swift recovery outweighs the mere possibility of greater future relief; and (4) whether the settlement is fair and reasonable in its effect. *See Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322 (10th Cir. 1984). Given the facts of the incident, settlement is hereby authorized, ratified, and approved by the Court as in the best interests of Arin Kolshorn, a minor as described in the report.

   **a. Whether the terms of the settlement were fairly and honestly negotiated**

   The Plaintiffs and Defendant were represented by skilled counsel who presented their clients' positions forcefully and knowledgeably throughout the litigation.

There is no evidence of collusive or suspect behavior is apparent to the Court. The Court is confident that the settlement was fairly and honestly negotiated as such settlement was procured at mediation with mediator, Michael Harbour, Esq.

**b. Whether serious questions of law or disputes of fact exist, placing the ultimate outcome of litigation in doubt**

Here, while there does not seem to be a serious question of fact or law with regard to liability, there certainly may be issues of fact regarding damages and the appropriate amount of damages for Arin. This is because the uninsured driver, Mr. Richard E. Luse admitted to officer Holgate that he was "driving too fast" and could not manage the turn going down the mesa when he crashed into Ms. Kolshorn. This statement would therefore come into evidence pursuant to Fed. Rule Civ. Proc. 801(d)(2) and 804(b)(3). Moreover, Mr. Luse was issued a citation for careless driving.

Here, neither Arin, nor her mother visited the hospital the day of the collision. Instead, Arin's first visit was to a chiropractor three days after the collision on October 5, 2012. Next, according to the Taos EMS records, Arin was ambulatory at the scene. She was alert and oriented and she stated that she had no injuries or complaints. She also stated that she did not strike her head or sustained any injuries. There were gaps in Arin's treatment Arin did not suffer any loss of consciousness, permanent scarring, or any permanent injury as a result of this collision. Finally, and most importantly, it appears that Arin has made a complete recovery. While she does have occasional neck pain, it may be difficult to attribute this to the collision of October 2, 2012 as this is almost two years ago.

**c. Whether the value of an immediate and swift recovery outweighs the mere possibility of greater future relief.**

The claims involved in this case relate back almost two years ago. This proposed settlement eliminates the uncertainty of litigation and the amount of damages a jury might award. If this matter were to proceed, Arin's costs would increase. Thus, the value of an immediate and swift recovery via settlement outweighs the mere possibility of greater future relief against the Defendants.

**d. Whether the settlement is fair and reasonable in its effect**

The proposed settlement is as follows:
| | |
|---|---:|
| Total Settlement: | **$13,000.00** |
| Attorney Fees (33.33%): | -$ 4,333.33 |
| Gross Receipt Tax (8.1875%): | -$   354.79 |
| Litigation Expenses: | -$   107.49 |

      *Creditor Bills*
| | |
|---|---:|
| Presbyterian Health Plan (Reduced from $2,022.98): | -$1,348.65 |
| HMS Ohio Medicaid: | -$1,122.00 |
| **Total Subrogation and Liens:** | **-$2,470.65** |
| **Net Distribution to Arin Kolshorn:** | **$5,733.74** |

Finally, the attorney's fee amount is reasonable given the work on the case. The costs were reasonable and necessary to the litigation.

6. After payment of the above, this leaves $5,733.74 and these funds, ($5,733.74) shall be used to purchase a Certificate of Deposit solely for the benefit of and in the name of Arin Kolshorn with her social security number but with Kevin Zangara as the custodian. No disbursements shall be made from the Certificate of Deposit until Arin Kolshorn turns 18 at which time the monies may be released to her without a Court Order.

7. Johannes and Catrina Kolshorn testified at the hearing that they understood that this is Arin Kolshorn' money and it can only be used for Arin's benefit and not her (or anyone else's) personal expenses or expenses that they are obligated to provide for Arin as her parents. Johannes Kolshorn and Catrina Kolshorn understand and acknowledge that they are under a fiduciary duty to safeguard and protect this money for Arin Kolshorn's benefit and the money may not be used for food, clothing, or shelter for Arin Kolshorn or anyone else. Johannes Kolshorn and Catrina Kolshorn further understand that the Court may request an accounting of funds, proof that the funds are used in accordance with this Order, and further understand that should any disbursements be made contrary to this Court's Order, such disbursements and Johannes Kolshorn and Catrina Kolshorn may be the subject of contempt of court proceedings.

8. The Court further Orders that all of Plaintiffs' claims arising from the collision on October 2, 2012, which were or which could have been brought herein are dismissed with prejudice.

9. The *Guardian Ad Litem* for Arin Kolshorn is hereby discharged of her duties. Her fees shall be paid by the Defendant.

IT IS SO ORDERED.

UNITED STATE DISTRICT JUDGE

APPROVED:

Kevin A. Zangara, Esq.
Zangara Law Office
Post Office Box 1359
Taos, New Mexico 87571-1359
(575) 758-2919
(575) 758-0262 - Fax
kevin@zangaralwa.com
*Attorney for Plaintiffs*


Cristina A. Adams, Esq.
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Post Office Box 1888
Albuquerque, New Mexico 87103-1888
(505) 766-7514
(505) 768-7395 - Fax
cadams@rodey.com
*Attorney for Defendants*


Gabrielle M. Valdez
Youtz & Valdez, P.C.
900 Gold Ave. SW
Albuquerque, New Mexico 87102
(505) 244-1200
(505) 244-9700 - Fax
gabrielle@youtzvaldez.com
*Guardian Ad Litem for Arin Kolshorn*